# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 3:13CR006 |
| Plaintiff, | : | |
| | | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| QUENTIN ROBINSON, | : | |
| | | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS

This case came on for hearing on February 5, 2013. The United States was represented by Assistant United States Attorney Brent Tabacchi and Defendant was represented by Mr. Thomas W. Anderson.

The parties have entered into a plea agreement which has been filed of record. The undersigned carefully inquired of Defendant regarding his understanding of the agreement as well as his competence to understand the agreement. Having fully inquired, the undersigned Judicial Officer finds that Defendant's tendered plea of guilty to Count 1 of the Information is knowing, intelligent and voluntary. Based on the statement of facts as set forth in the plea colloquy the undersigned finds that there is a sufficient factual basis for a finding of guilt as to the count.

It is accordingly recommended that the Court accept the plea of guilty to Count 1 of the Information and find Defendant guilty as charged in such Count of Aiding and Abetting in the Distribution of a mixture or substance containing a detectable amount of heroin in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and Title 18 U.S.C. § 2.

Pending the Court's acceptance of Defendant's pleas, Defendant has been referred to the Probation Department for a pre-sentence investigation.

February 6, 2013                                      s/Sharon L. Ovington
                                                      Sharon L. Ovington
                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).